HENRY PETRING GROCER COMPANY, Appellant, v. A. F. EASTWOOD, Defendant; SUSAN A. TINSLEY, Interpleader, Respondent.

St. Louis Court of Appeals, March 7, 1899.

Attachment: LEVY ON REAL ESTATE: INTERPLEA. Under section 572, Revised Statutes 1889, an interplea can not be made for real estate; that this remedy is confined to cases where personal property is attached.

*Appeal from the Pemiscot Circuit Court.*—HON. HENRY C. RILEY, Judge.

REVERSED AND REMANDED (with directions).

ROBERTS & SELLERS and ELY & KELSO for appellant.

An interplea can not be resorted to in attachment suits only where the property attached is personal property. Gordon v. McCurdy, 26 Mo. 304. This was an attachment suit

where the return of the sheriff offered in evidence showed that the defendant Eastwood's interest in certain lands had been attached; and the interpleader herein filed her interplea claiming such interest by virtue of a bill of sale and quitclaim deed from said Eastwood, defendant in attachment, to interpleader.  And interpleader has resorted to this, her interplea, to try the right to the land attached, which is clearly contrary to our law.  R. S. 1889, sec. 572; Gordon v. McCurdy, 26 Mo. 304.  The court erred in overruling appellants' motion in arrest for the reason that "interpleader's petition failed to state a cause of action."  Under the petition of interpleader she purchased the land from defendant Eastwood and was attempting to try her right to the land by resorting to this interplea.  Which interplea wholly failed to state a cause of action.  See Gordon v. McCurdy, *supra*.  This question that interpleader failed to state a cause of action was properly raised on motion in arrest and should have been sustained. R. S. 1889, sec. 2047.  The court erred in overruling appellant's (plaintiff in attachment) motion for a new trial for the reason "that the verdict of the court was against the law and the evidence and against the law under the evidence."  Thompson v. Holden, 117 Mo. 118.

CHARLES B. FARIS for respondent.

The interest of the defendant, Eastwood, in the attached property, after the order or decree, of sale for partition, ceased to be real estate, and became personal property.  State ex rel. v. Harper, 54 Mo. App. 286; State ex rel. v. Moore, 18 Mo. App. 406.  If there is involved in this case any question touching the title to real estate, as appellant seems to contend, appellant has erred as to his proper appellate forum.  Const. of Mo., art. 6, sec. 12.  The property which plaintiff (appellant) undertook to attach was *in custodia legis,* and therefore, not the subject of attachment by plaintiff, or anyone else.

Rood on Garnishment, 34, and cases cited; Marvin v. Hawley, 9 Mo. 382; 8 Am. and Eng. Ency. of Law [1 Ed.], 1142, and cases cited. The attached property was in the hands of the sheriff at the time of the attempted seizure, and he alone was responsible to the court for its safe keeping. Prior to the attachment, the defendant had no possession or control over it, but it was wholly in the hands of and under the control of the officer, and "the possession of the officer was the possession of the court." Then, if it was real estate, it was in the custody of the law and could not be attached; if it was personal property, being out of the possession and control of the defendant, garnishment and not attachment was the proper remedy or procedure. The sheriff, it seems, tried to garnishee himself, a thing which he clearly could not do. No attempt was made to comply with the statutory requirements relative to garnishment, and the property being personal property in the hands of the sheriff, appellant's attempted seizure of same was void. Connor v. Pope, 18 Mo. App. 86; Gates v. Tusten, 89 Mo. 13; Swallow v. Duncan, 18 Mo. App. 622; Farmer v. Medcap, 19 Mo. App. 253; Huffman v. Sisk, 62 Mo. App. 398.

BIGGS, J.—This record presents a single legal question. The plaintiff sued Eastwood by attachment. The sheriff levied upon the interest of the defendant in certain real estate. Susan A. Tinsley claimed to have purchased the interest of Eastwood in the land prior to the attachment. Her purchase was evidenced by a written contract. After the levy Eastwood executed a deed to her. Subsequently she filed an interplea setting up her claim to the land, and she asked that it be released from the levy. The question is, can an interplea be resorted to where land is attached? The circuit court held that it was the proper remedy, and upon a hearing it found the issues in favor of Mrs. Tinsley, and rendered a judgment in her favor.

The language of the statute (R. S. 1889, sec. 572), is, "any person claiming property, money, effects or credits attached, may interplead in the case," etc.    The language of the corresponding section in the statute of 1855 (sec. 39 of the article concerning attachments) is "property, money, effects or credits attached." The supreme court in the case of Gordon v. McCurdy, 26 Mo. 304, held that under this latter section an interplea could not be made for real estate; that the remedy was confined to cases where personal property was attached.    The court said: "Land is fixed and permanent, and if one has a right to it, that right can not be affected except he has notice and is brought in as a party.    Others may litigate about it without affecting him; indeed the proceedings under our attachment laws are already sufficiently embarrassing and involved without adding to them another element of confusion." This decision has never been questioned, and as it was rendered under a statute identical in its language with the present law, the ruling of the court is controlling with us.

It may be remarked that the judgment entry recites that the property and money attached is the property of the interpleader, whereas the evidence preserved in the record conclusively shows that Mrs. Tinsley did not claim any title or interest in the personalty attached.    Her interplea was directed solely to her alleged interest in the land.    This renders the recitals of the judgment entry incomprehensible to us.

The judgment of the circuit court will be reversed and the cause remanded, with directions to dismiss the interplea and restore the levy of the attachment of the land. All concur.